889 A.2d 1019

**In re KALEB K.**

**No. 43, Sept. Term, 2005.**

Court of Appeals of Maryland.

Jan. 11, 2006.

William E. Nolan, Asst. Public Defender (Nancy S. Forster, Public Defender, on brief), Baltimore, for Petitioner.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of MD, on brief), Baltimore, for Respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA, and GREENE, JJ.

BATTAGLIA, Judge.

In this case of first impression, Kaleb K., the petitioner, made an oral motion to dismiss a petition alleging delinquency at the beginning of his delinquency proceeding; the motion, however, was premised upon the wrong statute both in citation and in substance. Following the Circuit Court for Prince George's County's denial of his motion, Petitioner appealed to the Court of Special Appeals arguing that the Circuit Court erroneously denied his motion and in so doing relied upon a different statute as controlling. Because Petitioner did not cite to and discuss the applicability of the other statute before the Circuit Court, we hold that his argument based upon the second statute was not properly preserved for appellate review under Maryland Rule 8–131(a). Therefore, we affirm.

## Facts and Procedural History

On April 19, 2003, events transpired involving Kaleb K., then sixteen years old and nineteen-year-old Brandon Goldschmitt, which culminated in Kaleb K. allegedly threatening Brandon by lifting up his shirt as if reaching for a gun. The State subsequently charged Kaleb K. as an adult with first degree assault. At a preliminary hearing held on June 6, 2003, in the District Court of Maryland, sitting in Prince George's County, the charges were dismissed.

Thereafter, the State filed a Delinquency Petition against Kaleb K. in the Circuit Court of Maryland, sitting in Prince George's County on September 17, 2003, approximately five months after the events in question. Petitioner was charged with four misdemeanor counts: second degree assault (Count

1), harassment (Count 2), malicious destruction over $500 (Count 3), and malicious destruction under $500 (Count 4).

The Circuit Court for Prince George's County, sitting as a juvenile court, held a hearing on December 5, 2003 at which time Petitioner's counsel moved for dismissal of the delinquency petition based upon the State's failure to prosecute in a timely fashion under Maryland Code (1974, 2002 Repl.Vol.), Section 3–8A–10 of the Courts and Judicial Proceedings Article, which provides in pertinent part:

(c)(4)(ii) After the preliminary review the State's Attorney shall, within 30 days of the receipt of the complaint by the State's Attorney, unless the court extends the time[;]

* * *

(n) *Dismissal of petition or peace order request.*—The court may dismiss a petition or peace order request for failure to comply with this section only if the respondent has demonstrated *actual prejudice.*

(Emphasis added).

As grounds for the motion to dismiss, counsel argued that because the State had not filed the petition alleging delinquency in the Circuit Court until September 16, 2003, over three months after the criminal case was dismissed and approximately five months after the underlying events, he suffered prejudice. The following relevant colloquy ensued:

[DEFENSE COUNSEL]: Prior to the introduction of any testimony I first move for a motion to dismiss this case for failure to prosecute in a timely fashion. This originated in adult court, CR6E00223908. The case went to a preliminary hearing and was dismissed in June of 2003.

The State did not bring the charges in the juvenile case until September 16th of 2003, some six months later. Under the statute once the State has been notified of charges they have 30 days within which to petition a complaint, and that is under 3–8A–10 of Courts and Judicial Proceedings. Basically we would be asking the court to dismiss the case because the State failed to petition this case in a timely fashion. They clearly knew about the case because it was in

their office and prosecuted in the District Court. At that time the case was dismissed and then the juvenile division did not pick it up until some six months later. I think at that point it clearly does not comply with the statute, and we would ask the court to dismiss on those grounds.

[THE STATE]: Your Honor, in this case the defense counsel has not alleged any prejudice whatsoever, and that is the standard for dismissing a case when the State is delayed in charging the matter.

Looking back at the facts in this case. The reason it was dismissed is because there was a gun charge involved. Police officers did some subsequent investigation after that case was dismissed, that was part of the reason for the delay in the charging.

Again, Your Honor, the most important fact for you to consider here is that there was no prejudice in the delay. The respondent was out, he was not confined. There was no prejudice in this case.

THE COURT: 3 what?

[DEFENSE COUNSEL]: 3–8A–10.

THE COURT: Give me the full cite on this?

[DEFENSE COUNSEL]: Courts and Judicial Proceedings 3–8A–10. They recodified the juvenile stuff under 3–8A.

THE COURT: Are you saying 3—

[DEFENSE COUNSEL]: 3–8A.

THE COURT: How did it get in District Court?

[DEFENSE COUNSEL]: He was originally charged with a first degree assault, and since he was over 16 it would have originated in District Court.

[THE STATE]: I believe there was a gun charge also originally.

THE COURT: I gather no court specifically extended the time to file here? It was filed in the District Court rather than in this court?

[THE STATE]: That's correct. It was filed in District Court and subsequently dismissed in District Court.

THE COURT: I gathered that, Then it was filed within how many days?

[THE STATE]: Your Honor, I believe that is what—

[DEFENSE COUNSEL]: Six months.

[THE STATE]: It was a six month delay.

THE COURT: After it was dismissed from the District Court?

[THE STATE]: That's correct. In that time I believe there was a subsequent investigation and that is probably the reason why there was a delay.

THE COURT: How come it took so long?

[THE STATE]: I'm sorry?

THE COURT: How come it took so long?

[THE STATE]: To be honest with you I'm not sure why it took so long. If we have a hearing on this I will bring the officer to the stand to testify as to what he did subsequent to the District Court case. Again, counsel has shown no prejudice in this case, and that is the standard.

THE COURT: Yeah, where is the statute?

[THE STATE]: I'm sorry?

THE COURT: Where is that in the statute?

[THE STATE]: At the very end of the statute.

THE COURT: Tell me.

[DEFENSE COUNSEL]: It is highlighted at the very last page.

THE COURT: How are you prejudiced?

[DEFENSE COUNSEL]: When you think a case is over and dismissed and then six months later you get something in the mail saying you need to show up for court because you have been charged again, I think that is prejudice. When you think something is over and according to the police report this was—the last investigation conducted was on June the 3rd. The case was dismissed on June the 5th at the preliminary hearing.

So there was no subsequent investigation by the police. I think he is actually prejudiced by the fact that you think

something is over because it has been dismissed because the court itself has found that there is no probable cause with which to continue the case, and then lo and behold six months later you get something in the mail saying the charges are back again, they haven't been dismissed.

THE COURT: But you wouldn't be making that argument if it was just 30 days later?

[DEFENSE COUNSEL]: 30 days would comply with the statute. Six months does not comply with the statute.

THE COURT: Because of the five months you think he is prejudiced, not because it was dismissed, right?

[DEFENSE COUNSEL]: I think it is both. The fact it was dismissed would tell me the case is over with, I'm free of these charges, they are no longer pending. Six months later the State decides to reprosecute you for the same facts.

THE COURT: Was there a hearing in the District Court?

[DEFENSE COUNSEL]: Yes, there was a preliminary hearing.

THE COURT: A trial?

[THE STATE]: No, it was not a trial.

[DEFENSE COUNSEL]: It was dismissed at the preliminary hearing.

[THE STATE]: I believe it was dismissed because of age, and there wasn't a handgun. They did not recover a handgun at that time.

[DEFENSE COUNSEL]: No.

[THE STATE]: That is not why?

[DEFENSE COUNSEL]: He was 16 so he would have been able to be charged in adult court. It is first degree assault.

THE COURT: Well, were there any procedures that complied with this statute, like an intake procedure or any of that?

[THE STATE]: Your Honor, to be honest with you I do not know. I do not know. Again, if there were to be a hearing

on this, if we wanted to have a full hearing I would have to call the officer onto the stand to testify to those issues.

THE COURT: Without hearing more I sure—I'm sure he is prejudiced. Actual prejudice, I don't know, I haven't heard anything about actual prejudice. So I'm inclined to deny it without more showing of actual prejudice. Call your first witness.

At the conclusion of the hearing, the judge denied Petitioner's motion to dismiss because Petitioner failed to establish actual prejudice, dismissed the malicious destruction of property over $300 charge (Count 3), and held that Petitioner was adjudged delinquent because the court found that the State adduced sufficient evidence of Petitioner's involvement in second degree assault (Count 1), malicious destruction of property under $300 (Count 4), and harassment (Count 2). On January 2, 2004, Petitioner was committed to the Maryland Department of Juvenile Justice for placement in an appropriate facility for a period not to exceed three years from the date of the order or until he turns 21.

Petitioner noted an appeal to the Court of Special Appeals on January 13, 2005. Before that court, Petitioner argued that Maryland Code (1974, 2001 Repl.Vol.), Section 3–8A–13(b) of the Courts and Judicial Proceedings Article was really the controlling section with respect to the dismissal of the petition. That section provides in pertinent part:

(b) A petition alleging delinquency shall be filed within 30 days after the receipt of a referral from the intake officer, unless that time is extended by the court for good cause shown.

On appeal, Petitioner argued that because Section 3–8A–13 (b) does not require a showing of actual prejudice to dismiss a petition, the Circuit Court erred in denying the motion to dismiss the untimely petition. In an unreported opinion, the intermediate appellate court determined that because Petitioner failed to raise the applicability of Section 3–8A–13 (b) before the Circuit Court, the issue was not properly preserved

for appellate review under Maryland Rule 8–131(a).[1] The court also affirmed the judgment of the Circuit Court as to the second degree assault and malicious destruction of property under $300 charges, but vacated the harassment charge.

On May 31, 2005, Petitioner filed a petition for writ of certiorari with this Court and presented the following questions for our review:

1. Did the Court of Special Appeals err in its hypertechnical ruling that the juvenile respondent failed to properly preserve for appellate review the motion to dismiss because in moving to dismiss, the juvenile respondent cited to Section 3–8A–10 (c)(4) of the Courts and Judicial Proceedings Article, when in fact, the controlling section was Section 3–8A–13 (b) of the Courts and Judicial Proceedings Article?

2. Did the juvenile court err by denying the juvenile respondent's motion to dismiss the petition alleging delinquency as untimely, when the State filed the petition approximately four months after the expiration of the statutory 30–day filing requirement?

On August 10, 2005, we granted the petition and issued the writ. *In re Kaleb K.*, 388 Md. 404, 879 A.2d 1086 (2005). Because Petitioner failed to refer to and argue the applicability of Section 3–8A–13 (b) requiring the State to bear the burden of proof of good cause for the delay before the Circuit Court, we find that the argument is not properly preserved for appellate review and do not reach the second issue of whether the Circuit Court erred in denying the motion to dismiss. We,

---

1. Maryland Rule 8–131(a) provides:

(a) **Generally.** The issues of jurisdiction of the trial court over the subject matter and, unless waived under Rule 2–322, over a person may be raised in and decided by the appellate court whether or not raised in and decided by the trial court. Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal.

therefore, affirm the judgment of the Court of Special Appeals.

## Discussion

Petitioner asserts that the Court of Special Appeals's ruling that his argument based on Section 3–8A–13 (b) of the Courts and Judicial Proceedings Article requiring the State to prove good cause for the delay was not properly preserved does not serve the interests of justice. Petitioner contends that the fact that he based his motion and argument on the citation and substance of the wrong statute should not be considered a waiver of appellate review of the statute that is actually applicable. Moreover, according to Petitioner, the State should not be permitted to benefit from his error especially when the petition for delinquency was untimely.

Petitioner also argues that the Circuit Court erroneously denied his motion to dismiss because it contradicted this Court's holding in *In re Anthony R.*, 362 Md. 51, 763 A.2d 136 (2000), which stated that dismissal is mandatory where the State has filed an untimely petition without first obtaining an extension of time from the Circuit Court. He asserts that the trial court erred because it determined that a finding of "actual prejudice" was required for dismissal of the untimely filed petition, which is not required under the applicable statute Section 3–8A–13 (b) of the Courts and Judicial Proceedings Article.

Conversely, the State argues because Petitioner failed to argue that dismissal of the petition was required due to the State's failure to establish good cause for the untimely filing before the Circuit Court, this argument and its bases were not properly preserved for appellate review under Maryland Rule 8–131(a). Thus, according to the State, the Court of Special Appeals's holding that the issue was not preserved is consistent with well-established Maryland law.

The State also contends that the Circuit Court did not err in denying Petitioner's motion to dismiss the petition by requiring Petitioner to prove actual prejudice to prevail on his

motion because Petitioner premised his motion to dismiss upon Section 3–8A–10, which places the burden on Petitioner to show actual prejudice. Moreover, the State argues that Petitioner is not entitled to an application of *In re Anthony R.*, *supra*, because the opinion in that case is premised upon the statutory predecessor of Section 3–8A–13 of the Courts and Judicial Proceedings Article, which was not raised before the Circuit Court. Therefore, the State posits that Petitioner is not entitled to relief.

Maryland Rule 8–131(a) governs the scope of this Court's review of trial courts' decisions:

> (a) **Generally.**—The issues of jurisdiction of the trial court over the subject matter and, unless waived by Rule 2–322, over a person may be raised in and decided by the appellate court whether or not raised in and decided by the trial court. Ordinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal.

Md. Rule 8–131(a) (2005).

Petitioner argues that his motion to dismiss for untimely filing based solely upon Section 3–8A–10 (c)(4), which required Petitioner to show actual prejudice to prevail, adequately preserved his present argument that the petition should be dismissed under Section 3–8A–13 (b), which mandates that the State prove good cause for the delay, for appellate review under Rule 8–131(a). We disagree.

Although this Court has not addressed this issue in the context of a motion to dismiss, we have examined an analogous scenario with respect to a motion for a directed verdict under the predecessor to our present Rule 8–131(a). In *Wickman v. Bohle*, 173 Md. 694, 196 A. 326 (unreported), 173 Md. 694, 196 A. 326 (reported in full) (1938), a negligence action arising out of a collision between Cyril Bohle, a child on a bicycle, and an automobile operated by Clifford Wickman, Wickman moved

for a directed verdict based solely on the ground that the record lacked sufficient evidence to prove negligence on his part, which the Circuit Court for Howard County denied. *Id.* at 694–95, 196 A. at 327–28. On appeal, Wickman argued that the motion "should have been granted because of contributory negligence on [Bohle's] part," *id.* at 695, 196 A. at 328, although he did not argue contributory negligence, nor was it considered at the trial level. On appeal we declined to address the contributory negligence argument stating that, "[t]his [C]ourt can review only the ruling actually asked and made." *Id.* We find this reasoning to be dispositive of the issue in the case *sub judice.*

The ruling actually asked and made in the present case related to whether the delinquency petition should have been dismissed because of actual prejudice incurred by Petitioner under Section 3–8A–10 (c)(4) of the Courts and Judicial Proceedings Article. Whether there was good cause for the delay shown by the State pursuant to Section 3–8A–13 (b) of the Courts and Judicial Proceedings Article was never questioned nor argued or reflected upon by the Circuit Court. When arguing before the Circuit Court, Petitioner relied solely on the language of Section 3–8A–10 (c)(4) as the basis for his motion to dismiss the petition. At no time did Petitioner make any reference to Section 3–8A–13 (b) either in name or substance. There is nothing in the record to indicate that the issue of whether the State established good cause for the delay as required by Section 3–8A–13 (b) of the Courts and Judicial Proceedings Article was presented to or decided by the Circuit Court by Petitioner as part of his motion to dismiss the petition. Therefore, although Petitioner preserved his right to appeal from the denial of his motion to dismiss, he did not preserve his argument that Section 3–8A–13 of the Courts and Judicial Proceedings Article mandated dismissal of the petition because the argument was never before the Circuit Court for consideration. To do otherwise would violate one of the purposes of Maryland Rule 8–131(a), which is "to ensure fairness to all parties in a case." *Brice v. State,* 254 Md. 655, 661, 255 A.2d 28, 31 (1969), quoting *Banks v. State,* 203 Md.

488, 495, 102 A.2d 267, 271 (1954); *see State v. Bell*, 334 Md. 178, 189, 638 A.2d 107, 113 (1994); *Basoff v. State*, 208 Md. 643, 650, 119 A.2d 917, 921 (1956); *Medley v. State*, 52 Md.App. 225, 231, 448 A.2d 363, 366 (1982) (the application of the rule limiting the scope of appellate review to those issues and arguments raised in the court below "is a matter of basic fairness to the trial court and to opposing counsel, as well as being fundamental to the proper administration of justice."). Therefore, in the present case, where the whole discussion at the delinquency hearing concerned actual prejudice and the State continually offered to present evidence justifying the delay, to permit Petitioner to raise a new argument based on a different statute on appeal would result in "sandbagging" the State and the trial (juvenile) court, which is the precise result that Rule 8–131(a) was designed to avoid. Thus, we need not reach Petitioner's second question. We affirm the judgment of the Court of Special Appeals.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY PETITIONER.*