684 A.2d 445

**Steven Blaine LONG**

v.

**STATE of Maryland.**

**No. 129, Sept. Term 1995.**

Court of Appeals of Maryland.

Nov. 7, 1996.

---

John L. Kopolow, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Appellant.

Mary Ann Ince, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for Appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

MURPHY, Chief Judge.*

In this case we decide whether a circuit court may reconsider a pretrial ruling in which it granted a motion to suppress evidence that the defendant had claimed came from an unlawful search and seizure. We conclude that it may not.

## I

## A

Maryland Rule 4–252 governs the filing of motions in criminal cases in Maryland's circuit courts. Subsection (h)(2) of Rule 4–252 specifies the results that follow when a circuit court grants or denies a defendant's motion to suppress evidence. That subsection provides as follows:

> If the court grants a motion to suppress evidence, the evidence shall not be offered by the State at trial, except that suppressed evidence may be used in accordance with law for impeachment purposes. If the court denies a motion to suppress evidence, the ruling is binding at the trial unless the court, on the motion of a party and in the exercise of its discretion, grants a supplemental hearing or a hearing de novo and rules otherwise. A pretrial ruling denying the motion to suppress is reviewable on a motion for a new trial or on appeal of a conviction.

Maryland Rule 4–252(h)(2). Rule 4–252, therefore, explicitly allows the circuit court to reconsider its *denial* of a motion to

---

* Murphy, C.J., participated in the hearing of the case, in the conference in regard to its decision and in the adoption of the opinion, but he had retired from the Court prior to the filing of the opinion.

suppress evidence if either party requests such a reconsideration. The rule does not mention whether the circuit court may reconsider its decision to *grant* a motion to suppress.

## B

On October 29, 1993, Steven Blaine Long was arrested by Officer Matthew Trageser in the Elk's Lodge parking lot in Frederick City. Charges were subsequently brought in the Circuit Court for Frederick County, accusing Long of possession of a controlled dangerous substance with intent to distribute. Alleging that the police lacked probable cause to arrest him, Long filed a pretrial motion to suppress all evidence seized incident to his arrest.

The circuit court (Rollins, J.) held a suppression hearing to decide Long's motion. At the hearing, Officer Trageser testified that on the night of Long's arrest, he had received a radio transmission from Officer Charlie Davis. Officer Trageser testified that Officer Davis stated in his radio transmission that he had witnessed a purchase of suspected crack cocaine by a confidential informant. Officer Trageser also testified that he went to the parking lot with the purpose of arresting the perpetrator described by Officer Davis. Officer Trageser stated that when he arrived at the parking lot and approached Long, he observed Long making a throwing motion with his hands. Officer Trageser told the court that while he was twenty to thirty feet away from Long, he observed Long apparently throw what appeared to be a baggie containing cocaine. Officer Trageser testified that he identified himself as a police officer and ordered Long to the ground.

The baggie was recovered by the police and was found to contain six tenths of a gram of cocaine. Officer David Armstrong, who was assigned to process, fingerprint, and photograph Long, testified at the suppression hearing that Long had told him at the police station that "he was only selling the stuff to pay his mother's phone bill."

Following the suppression hearing, the circuit court granted Long's motion, stating that there was insufficient evidence by

the arresting officer about Officer Davis's observations. The court also noted that there was no evidence that the arrest had taken place in a high-crime or drug area or that Long had tried to flee. As a result of its ruling, the circuit court prohibited the State from using either the cocaine or the statements made to Officer Armstrong as evidence.

The State filed a motion to reconsider, which Long opposed and the circuit court granted. A second suppression hearing was held, at which Officer Trageser testified that he had worked with Officer Davis on previous assignments and had found the information provided by Officer Davis on those occasions to be reliable and trustworthy. Officer Trageser testified that Officer Davis had described the person selling crack cocaine to him, and that Long fit this description. Officer Trageser also testified that he announced himself as an officer and ordered Long to the ground before he observed the throwing motion.

Following the second hearing, the circuit court denied Long's motion to suppress. At trial, the court found Long guilty of possessing cocaine with intent to distribute, based upon the evidence that Long sought to exclude. Long sought review by the Court of Special Appeals. We issued a writ of certiorari before the intermediate appellate court rendered a decision.

## C

Long asserts that under Rule 4–252, the circuit court was precluded from reconsidering its decision to grant Long's motion to suppress. Long's argument is based upon the fact that Rule 4–252 explicitly provides for reconsideration of a court's *denial* of a suppression motion, but has no complementary provision that would apply when such a motion is *granted*. Applying the legal maxim *expressio unius est exclusio alterius*,[1] Long claims that the lack of an express provision for

---

1. "[T]he expression of one thing is the exclusion of another." *Black's Law Dictionary* 581 (6th ed. 1990).

reconsideration when a suppression motion is granted signifies that the circuit court did not have the authority to reconsider its ruling.

The State counters by arguing that Rule 4–252 was amended to allow both the State and the defendant to request reconsideration of the denial of a suppression motion. Under the previous rule only the defendant could make such a request. This goal of treating the State and defendant equally, the State argues, mandates that the State be allowed to seek reconsideration when a suppression motion is granted.

## II

### A

We apply the same principles of interpretation in construing our procedural rules that we apply in construing statutes:

> We have repeatedly stated that the canons and principles we follow in construing statutes apply equally to an interpretation of our rules. . . . When construing a rule, we must first look to the words of the rule, giving them their ordinary and natural meaning. . . . If the words of the rules are clear and unambiguous, our analysis ordinarily ends. . . . Generally, it is only when the words of the rule are ambiguous that we must look toward other sources to glean the intent of the rule. . . . Furthermore, we must give effect to the entire rule, neither adding, nor deleting, words in order to give it a meaning not otherwise evident by the words actually used. . . . Our mission is to give the rule a reasonable interpretation in tune with logic and common sense.

*In re Victor B.*, 336 Md. 85, 94, 646 A.2d 1012 (1994) (citing *New Jersey v. Strazzella*, 331 Md. 270, 627 A.2d 1055 (1993) and *Beales v. State*, 329 Md. 263, 619 A.2d 105 (1993)) (citations and quotations omitted). Long asks us to apply these principles to Rule 4–252, and to conclude that the rule's provision for reconsidering a suppression motion when that

motion is denied necessarily implies that no such reconsideration is allowed if the motion has been granted.

■ We look to the rule's history to aid us in discerning the reasonable intendment of the language used in the light of the purpose to be effectuated. *Johnson v. State*, 274 Md. 29, 41, 333 A.2d 37 (1975); *Brown v. State*, 237 Md. 492, 504, 207 A.2d 103 (1965). The language presently embodied in Maryland Rule 4–252(h)(2) was drafted more than thirty years ago in response to this Court's desire that evidentiary rulings on the suppression of evidence be made before trial.

In 1963, this Court reversed a conviction for burglary because the record was insufficient to determine whether or not the arresting officers possessed probable cause for the arrest and subsequent search. *Edwardsen v. State*, 231 Md. 332, 336–37, 190 A.2d 84 (1963). In that case, the officers arrested the appellant on the basis of information told them by his employer. *Id.* at 334, 190 A.2d 84. The specifics of the information were unknown because the State had admonished the testifying officer not to repeat the employer's words. *Id.* Although the officers might, indeed, have had probable cause to arrest the appellant, the record was "devoid of any such showing." *Id.* at 336, 190 A.2d 84. Since the record contained only the "bare fact that the officers 'received certain information,'" this Court concluded that there was an insufficient showing of probable cause for the arrest, and any evidence discovered as a result of the arrest should have been excluded. *Id.* at 336–37, 190 A.2d 84.

The following year, this Court revisited the same issues in *Farrow v. State*, 233 Md. 526, 197 A.2d 434 (1964). We upheld the warrantless arrest and subsequent search in that case and discussed at length the State's need at times to introduce hearsay statements to demonstrate that the police possessed probable cause at the time of the arrest:

[I]n many cases coming before this Court where the lawfulness of an arrest and of a search incidental thereto are in issue, direct evidence to show the basis upon which the

arresting officers acted either is not offered at all, or is alluded to guardedly as "information received" or in some other and equally uninformative manner (doubtless designed to avoid an objection that it is hearsay), or is actually excluded as hearsay. On the question of the guilt or innocence of the defendant it clearly is hearsay and hence is inadmissible; but on the issues of probable cause and the lawfulness of arrest and of the admissibility of evidence obtained through any search made in connection with the arrest, such testimony, even if hearsay, is directly relevant and is admissible.

*Id.* at 532–33, 197 A.2d 434. The Court suggested that the question of probable cause should be determined as a preliminary motion, out of the jury's presence:

[T]he determination of the admissibility of evidence which is dependent upon the lawfulness of an arrest should be made by the trial judge as a preliminary matter quite apart, of course, from the question of the guilt or innocence of the accused; and if the case is being tried before a jury, such a matter should be heard out of the presence of the jury. Such a question may be raised[ ] before trial by a motion to exclude any evidence claimed to have been improperly obtained.

*Id.* at 533, 197 A.2d 434.

■ On February 21, 1964, the Court of Appeals Standing Committee On Rules of Practice and Procedure (Rules Committee) considered "a problem arising out of the recent case of *Farrow v. State.*" Rules Committee Minutes, Feb. 21, 1964, at 5. The committee discussed the portions of *Farrow* quoted above. *See id.* (quoting the sections from *Farrow* discussing the determination of suppression issues through a preliminary hearing). The committee determined that the contents of a rule regulating motions to suppress evidence resulting from an illegal search or seizure should be referred to the Subcommit-

tee on Chapter 700. *Id.* at 6.[2] In referring the issue, the committee asked the subcommittee "whether or not the rule should prohibit reconsideration of a motion on the same grounds by the trial judge after [a] pre-trial ruling by another judge." *Id.* at 7.

On May 22, 1964, the Rules Committee considered the subcommittee's first report on the "[p]roposed rule relating to motions to suppress evidence illegally obtained." It agreed upon several matters of policy, and decided to refer the draft rule back to the subcommittee "for further study and report. . . ." One of the matters of policy agreed upon by the committee was

> [t]hat the trial judge[,] contrary to the general rule, should be bound by the preliminary determination of a motion to suppress evidence illegally obtained, except that it should be made clear that the ruling is not binding for purposes of appeal or in connection with a motion for a new trial.

*Id.*

The subcommittee issued its second report on June 29, 1964. With some amendments not relevant here, the Rules Committee approved the subcommittee's draft rule as Rule 729. In April 1965, the Rules Committee issued its 24th Report, in which it proposed that Rule 729 be adopted by the Court of Appeals. *See Twenty–Fourth Report of the Standing Committee on Rules of Practice and Procedure,* at 2–3, 17–21 (1965). This Court initially declined to adopt Rule 729, and the Rules Committee decided to resubmit it. in 1966. *See* Rules Committee Minutes, April 29, 1966, at 6. The Rule was adopted without change in 1967. *See Thirtieth Report of the Standing Committee on Rules of Practice and Procedure,* at 2, 13A–17 (1967).

In the form drafted by the subcommittee, proposed by the committee, and adopted by this Court, Rule 729 clearly distin-

---

2. The Subcommittee on Chapter 700 derived its name from the fact that rules relating to criminal procedure were at that time codified as Chapter 700 of the Maryland Rules of Procedure.

guished between the results following the grant of a motion to suppress, and the denial of such a motion. Subsection (g) of Rule 729 described the effect to be given to a pretrial ruling on a motion to suppress:

g. *Binding effect of Pre-trial Ruling*

1. Where Granted

   If such motion or petition is granted prior to trial, the property shall be delivered to the person entitled thereto and shall not be offered in evidence by the State at the trial on the merits in the criminal proceeding.

2. Where Denied

   If such motion or petition is denied prior to trial of the criminal case, the pre-trial ruling shall be binding at the trial unless the trial judge, in the exercise of his discretion grants a hearing *de novo* on the defendant's renewal of his motion or objection. A pre-trial ruling, denying a motion or petition to suppress, exclude or return property seized, shall in any event be reviewable on appeal to the appropriate appellate court or on a hearing on a motion for a new trial.

Maryland Rule 729 (1967). Reading Rule 729 in context, we conclude that the rule embodied the Rules Committee's May 22, 1964 statement of policy that a trial court's ruling on a suppression motion should be binding, with the limited exception that a court may use its discretion whether to reconsider a previously denied suppression motion, if the motion is renewed.

The relevant language originally adopted as Rule 729(g) is embodied in current rule 4–252(h)(2) with relatively little change. In 1977, Rule 729 was replaced by Rule 736. *See Fifty–Third Report of the Rules Committee*, 3 Md. Reg. 8, 17 (1976) (proposing Rule 736); Rules Order dated January 31, 1977, 4 Md. Reg. 235 (1977) (adopting Rule 736). Rule 736 compressed Rule 729(g)(1) and Rule 729(g)(2) into a single subsection, and eliminated the requirement that the State return property when a motion to suppress is granted:

If the court grants a motion to suppress evidence, the evidence shall be excluded and not be offered by the State at trial, except that suppressed evidence may be used in accordance with law for impeachment purposes. If the court denies a motion to suppress evidence, the ruling is binding at the trial unless the court, in the exercise of its discretion, grants a hearing *de novo* on a renewal of the motion. A pretrial ruling denying the motion to suppress is reviewable on a motion for a new trial or on appeal of a conviction.

Maryland Rules of Procedure, Rule 736(f)(2) (1978). Rule 736(f)(2), however, preserved the distinction between the effects following a trial court's denial of a motion to suppress evidence and the effects following the grant of such a motion.

In 1985, Rule 4–252 replaced Rule 736, and Rule 736(f)(2) became Rule 4–252(g)(2). *See Eighty–Seventh Report of the Rules Committee,* 10 Md. Reg., Supp. to Issue 25, at S–1, S–23 (1983) (proposing Rule 4–252); Rules Order dated April 6, 1984, 11 Md. Reg., Supp. to Issue 9, at S–1, S–98 (1984) (adopting Rule 4–252). No significant alterations were made to Rule 4–252(g)(2).[3]

In 1988, Rule 4–252(g)(2) was amended to provide that " . . . [i]f the court denies a motion to suppress evidence, the ruling is binding at the trial unless the court, *on the motion of a party and* in the exercise of its discretion, grants a *supplemental hearing or* a hearing de novo . . . *and rules otherwise."* Rules Order of December 21, 1988, 16 Md. Reg. 59 (1989) (emphasis in original). This alteration made it possible for the State to reopen a suppression hearing following the denial of a

---

**3.** As adopted in 1984, Rule 4–252(g)(2) provided:

If the court grants a motion to suppress evidence, the evidence shall not be offered by the State at trial, except that suppressed evidence may be used in accordance with law for impeachment purposes. If the court denies a motion to suppress evidence, the ruling is binding at the trial unless the court, in the exercise of its discretion, grants a hearing de novo on a renewal of the motion. A pretrial ruling denying the motion to suppress is reviewable on a motion for a new trial or on appeal of a conviction.

defendant's motion to suppress. *See* Rules Committee Minutes, January 15, 1988, 9–11. Thus, the State is now able to supplement the suppression hearing's record in order to prevent a favorable ruling from being overturned on appeal. *Id.* No changes were made, however, to the provisions in Rule 4–252(g)(2) that specified the effects following a court's *grant* of a motion to suppress. In 1995, subsection (g)(2) of Rule 4–252 was moved to subsection (h)(2) without change.

Our review of the history of Rule 4–252(h)(2) leads us to conclude that Long is correct. The express provision allowing a court to use its discretion as to whether it should reconsider its denial of a motion to suppress must be interpreted in light of the background goal that rulings on suppression motions be binding at trial. In this context, the absence of a similar provision allowing for reconsideration of a court's *grant* of a motion to suppress necessarily implies that the trial court lacks the authority to undertake such a reconsideration.

## B

The State contends that our previous holdings support its position that a trial court may reconsider its grant of a motion to suppress evidence. Specifically, the State cites *Waugh v. State*, 275 Md. 22, 338 A.2d 268 (1975) and *Logue v. State*, 282 Md. 625, 386 A.2d 780 (1978). Both those cases, however, dealt with a court's authority to reconsider a previously *denied* suppression motion. In *Waugh, supra*, 275 Md. at 35, 338 A.2d 268, we concluded that the trial court should have exercised its discretion and granted a second suppression hearing when the defendant renewed his previously denied motion and set forth allegations that the testimony at the first suppression hearing had been inaccurate. In *Logue, supra*, 282 Md. at 628, 386 A.2d 780, we concluded that when a defendant's first motion to suppress had been denied and the defendant was later granted a new trial and renewed his motion to suppress, the trial court sitting in the second trial could exercise its discretion to be bound by the ruling on the first motion to suppress where there was no new evidence and the first motion had been fully considered. In both *Waugh*

and *Logue,* we relied on the provisions of the applicable rules that explicitly gave trial courts the discretion to reconsider their previous denials of the defendants' suppression motions. *Waugh, supra,* 275 Md. at 34–35, 338 A.2d 268; *Logue, supra,* 282 Md. at 628, 386 A.2d 780. Accordingly, these cases do not support the State's theory that a trial court has the discretion to reconsider its *grant* of a suppression motion.

The State's reliance on *Cook v. State,* 281 Md. 665, 381 A.2d 671 (1978) is similarly misplaced. In *Cook,* we stated that a ruling on an evidentiary issue is "typically only one of many made during the course of a trial and does not become final until the proceeding as a whole has concluded." *Id.* at 670, 381 A.2d 671. We determined, therefore, that when the defendant's motion to suppress had been granted but the trial had ended in a mistrial, no final judgment had been rendered and the defendant could not use collateral estoppel to prevent the State from seeking to introduce the same evidence in a different trial on different charges. *Id.* at 670–71, 381 A.2d 671. While *Cook* states the general rule that a court may typically reconsider its evidentiary rulings, the history of Rule 4–252, as well as the rule's language, demonstrates that subsection (h)(2) was intended to alter this general rule with respect to a court's grant of a suppression motion and its effect on the subsequent trial. *Cook* did not address this issue, but instead addressed the effect of a court's suppression order on a collateral proceeding. *See Cook, supra,* 281 Md. at 671, 381 A.2d 671. The cases cited by the State, therefore, do not address the question before us.[4]

---

4. We expressly disapprove of the one decision that does directly support the State's position. In *Matthews v. State,* 59 Md.App. 15, 21–22, 474 A.2d 530 (1984), the Court of Special Appeals concluded that a trial court could reconsider its previous decision to grant a suppression motion. First, the court cited *Cook, supra,* 281 Md. at 670, 381 A.2d 671, for the general proposition that an evidentiary ruling is non-final and can be reconsidered. To the extent that Rule 4–252 does not mandate a contrary result, we agree that *Cook* provides the general rule. The court also concluded, however, that Rule 736(g)(2) (the procedural rule containing the language currently embodied in Rule 4–252(h)(2)) did not change this general rule because "no limitation [was]

C

Finally, the State contends that even if Rule 4–252(h)(2) precluded the State from seeking reconsideration of a granted suppression motion before 1988, the 1988 amendment to the rule was intended to alter this result. The 1988 amendments were triggered by this Court's decision in *Buie v. State*, 314 Md. 151, 550 A.2d 79 (1988), *vacated*, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). In that case, we held that when a motion to suppress has been denied, the record of a suppression hearing could only be reopened if there was a "renewal of the motion." *Id.* at 155 n. 2, 550 A.2d 79 (citing the pre–1988 version of Rule 4–252). Presumably on the grounds that only the defendant could "renew" his motion, we held that the State could not request that the record be reopened in order to provide additional evidence to bolster the favorable ruling that it had already received. *Id.* Following this decision, we amended Rule 4–252 to specifically allow the State to do what had been forbidden in *Buie:* to reopen the suppression hearing after the defendant's motion to suppress had been denied. *See* Rules Order dated December 21, 1988, 16 Md. Reg. 59 (1989) (referring to *Buie,* and amending Rule 4–252 to allow

set forth in that rule on the court's discretion to grant a review of an order ... previously *granting* a motion to suppress evidence." *Matthews, supra,* 59 Md.App. at 22, 474 A.2d 530 (emphasis in original). In reaching this decision, the Court of Special Appeals did not examine the history behind the drafting of Rule 736 and its predecessors. Having examined this history, we reach a contrary conclusion.

The State asserts that we "endorsed" the *Matthews* holding in *Christian v. State,* 309 Md. 114, 522 A.2d 945 (1987). In *Christian,* we held that a trial court was authorized to reconsider its order granting a new trial prior to the entry of a final judgment. *Id.* at 121–22, 522 A.2d 945. In a discussion of cases from other jurisdictions, we cited a Colorado decision that drew an analogy between a rehearing on the grant of a new trial and a rehearing on a suppression motion. *Id.* at 120, 522 A.2d 945. We appended a footnote to this citation in which we noted the *Matthews* holding. *Id.* at 120 n. 4, 522 A.2d 945. *Christian,* however, did not address the issue of whether the State could seek reconsideration of a trial court's grant of a suppression motion, and the predecessor to Rule 4–252 was not in issue in that case. Having examined this issue in detail, we conclude *Matthews* is in error.

for reconsideration or a supplemental hearing "on motion of a party" after a motion to suppress has been denied).

The 1988 amendment to Rule 4–252, however, does not provide evidence that the State should be able to move for reconsideration after the defendant's pretrial motion to suppress has been *granted.* That amendment was specifically tailored to allow the State to bolster suppression hearing testimony in order to protect a favorable ruling, and thereby avoid an unnecessary appeal and remand. *See* Rules Committee Minutes, January 15, 1988, at 11 (recording approval of the proposed changes to Rule 4–252 and discussion referring to the decision of the Court of Special Appeals in *Buie v. State* [5] and recognizing that changes were needed). Rather than evidencing a general policy of allowing the State to seek reconsideration in all circumstances, the 1988 amendment only allows the State to seek a supplemental suppression hearing after the court has denied a motion to suppress.

We are constrained to give effect to Rule 4–252 as it is presently enacted. Nothing in Rule 4–252's 1988 amendment indicates a change in the effects that follow when a circuit court grants a defendant's motion to suppress evidence. Until such a change occurs, a trial court has the discretion under Rule 4–252(h)(2) to reconsider a previous ruling that denies a defendant's motion to suppress evidence, but it cannot reconsider a previous ruling that grants a motion to suppress.[6] The circuit court in this case erred in reconsidering its ruling and holding the second suppression hearing, and the court's first order should have remained in effect, unless the State had successfully availed itself of the means by which such orders may be appealed. *See* Maryland Code (1974, 1995 Repl.Vol.)

---

**5.** *Buie v. State,* 72 Md.App. 562, 531 A.2d 1290 (1987), *rev'd on other grounds,* 314 Md. 151, 550 A.2d 79 (1988), *vacated,* 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990).

**6.** We recognize that there may be reasons why trial judges should have authority to reconsider decisions to suppress evidence if the reconsideration can be accomplished prior to trial without undue delay or inconvenience. Accordingly, we shall refer the issue to our Standing Committee on Rules of Practice and Procedure for a prompt report.

§ 12–302 of the Courts and Judicial Proceedings Article (providing for interlocutory appellate review of judicial orders suppressing evidence in certain types of prosecutions).[7]

*JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY REVERSED AND CASE REMANDED FOR A NEW TRIAL; COSTS TO BE PAID BY THE COUNTY COMMISSIONERS OF FREDERICK COUNTY.*

---

7. Because of our conclusion in this case, we do not consider whether the circuit court's ruling at the second suppression hearing was correct. In addition, the court's ruling at the first suppression hearing, where Long's motion was granted, is not before us. We, therefore, express no opinion on the issue of whether probable cause existed to justify Officer Trageser's arrest and subsequent search of Long.