*Luis Felepe Huggins v. State of Maryland*, No. 59, September Term 2021. Opinion by Gould, J.

**SUPPRESSION OF EVIDENCE – OBJECTION AT TRIAL**

The right to appeal the denial of a motion to suppress evidence is not waived if the defendant does not object to the admission of the relevant evidence at trial. The right is not waived whether the defendant remains silent or affirmatively states there is no objection.

Circuit Court for Howard County
Case No.: C-13-CR-19-000521
Argued: May 5, 2022

IN THE COURT OF APPEALS

OF MARYLAND

No. 59

September Term, 2021

_____

LUIS FELEPE HUGGINS

v.

STATE OF MARYLAND

_____

Fader, C.J.
Watts
Hotten
Booth
Biran
Gould
Eaves,

JJ.

_____

Opinion by Gould, J.

_____

Filed: July 7, 2022

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

On February 27, 2019, Luis Felepe Huggins was indicted in the Circuit Court for Howard County on charges of possessing a regulated firearm after having been convicted of a crime of violence and other related crimes. Mr. Huggins moved to suppress the gun and the loaded magazine that police recovered inside a closed overnight bag while conducting a warrantless search of Mr. Huggins's hotel room. After an evidentiary hearing, the Honorable Timothy J. McCrone denied the motion to suppress.

The State filed a superseding indictment under a new case number to add additional charges. Mr. Huggins renewed his motion to suppress in the new case. This time, the motion to suppress was heard by the Honorable Richard S. Bernhardt. At the hearing on the motion, defense counsel explained that the motion had been argued and denied in the case filed under the original indictment and that Mr. Huggins renewed the motion under the new case number only to ensure that the denial of the motion to suppress was preserved for appeal. Judge Bernhardt understood, explaining:

> Now, my reading of the two indictments, it seems to me that the motion that was litigated in front of Judge McCrone is precisely the same motion that is before this Court. The new counts on the superseding indictment don't impact the motion, doesn't create any legal arguments that weren't available before, doesn't include any evidence that wasn't available before, doesn't include any witnesses that weren't relevant before. The new counts have nothing to do with the motion. That's the way I looked at it.

Judge Bernhardt further explained that "for judicial economy, it makes sense to just incorporate the old motion," and that he "wouldn't rehear it because we're just not going to do do-overs unless there's a reason for it, a unique reason for it." Judge Bernhardt suggested that defense counsel scan the transcript from the prior motions hearing and have

it incorporated into the record.  Defense counsel agreed to do so but emphasized that Mr. Huggins was preserving his objections from the original motion.  The State agreed.

Judge Bernhardt directly addressed Mr. Huggins to make sure he understood what was happening:

> THE COURT: What's being agreed to by your attorney and the State's attorney today is, instead of just having a brand-new hearing, bringing witnesses in and starting all over again, we're going to take a transcript that's a full and complete transcript of the motion before Judge McCrone.  Mr. Clerk will scan it in, and it'll be incorporated by agreement into the record of this case.  In other words, that will be the Motion for Suppression in this case.  By agreement, six exhibits that were presented before Judge McCrone will become part of this record, too.  So if you are found guilty in this case, the Appellate Courts will have a transcript to read.  I mean, a transcript is a transcript.
>
> THE DEFENDANT: Right.
>
> THE COURT: They'll have this transcript to read which will be the entire hearing before Judge McCrone and they'll have the same exhibits to look at.  In other words, [it] seems to me that they'll be in the same position that they would have been had you been found guilty in the first case and then you appealed it.  Have I made myself clear to you?
>
> THE DEFENDANT: Yeah, I understand.
>
> As they waited for the transcript to be scanned, Judge Bernhardt stated:
>
> [W]hat [defense counsel is]  doing now, the Public Defender's Office, I did that for like fifteen years, most of it in this county.  And what I say is – you know, I don't know anything about your case beyond what I've seen in court. I don't know about your conversations with her nor am I asking.  None of my business. But many times, the motion litigation is the most important part of a case.  I mean, I would have guys where stuff is in their pocket.  There's no doubt. Everyone knows the stuff was in their pocket and nobody's disputing that stuff was in their pocket.  The real question is, when the police officer's hand went in his pocket, was that okay? So, we'd litigate motions and if I won, I won.  Good for us.  The stuff is suppressed.  The jury gets hung.  If I lost, well, then I lost.  But you can't plead guilty and have an appeal.

> And the value to the Defendant is that the Appellate issue, whether or not the suppression ruling by the judge was right, is preserved and you can appeal it . . . .

The transcript and all exhibits from the motion filed in the first case were admitted and then incorporated into the record. No additional argument was heard.

During Mr. Huggins's subsequent trial, the police officer testified about his search of the overnight bag, and the items found therein—the handgun, pictures of the handgun, and the gun's magazine—were admitted into evidence. As each was offered into evidence, defense counsel stated: "No objection."

Mr. Huggins was convicted of first-degree assault, use of a firearm during the commission of a crime of violence, possession of a regulated firearm after having been convicted of a crime of violence, and possession of ammunition after having been prohibited from possessing a regulated firearm.

Mr. Huggins appealed, arguing in part that the circuit court erred in denying his motion to suppress. In an unreported opinion, the Court of Special Appeals *sua sponte* considered whether Mr. Huggins had waived this argument. *Luis Felepe Huggins v. State*, No. 816, Sept. Term 2020, 2021 WL 4893362 (filed Oct. 20, 2021). Relying primarily on *Jackson v. State*, 52 Md. App. 327 (1982), *Erman v. State*, 49 Md. App. 605 (1981), and *Brice v. State*, 225 Md. App. 666 (2015), the Court concluded that Mr. Huggins had waived his right to appeal the denial of his suppression motion, stating:

> In short, if a court denies a motion to suppress and the defendant says nothing at all when the State moves to introduce the challenged evidence at trial, the

3

defendant has preserved an objection to the denial of the motion to suppress. *Jackson v. State*, 52 Md. App. at 331. If, on the other hand, the court denies a motion [to] suppress and the defendant affirmatively states that the defense has no objection to the introduction of the challenged evidence at trial, the defendant has waived the objection to the denial of the motion to suppress. *Erman v. State*, 49 Md. App. at 630.

The Honorable Daniel A. Friedman filed a concurring opinion. Concluding he was bound by that Court's decision in *Jackson*, 52 Md. App. 327, Judge Friedman concurred in the result, but wrote separately to emphasize his belief that Mr. "Huggins has a strong claim that the warrantless search of his closed bag found in his hotel room was unconstitutional[,]" which could not be raised until post-conviction. Judge Friedman opined that this inequitable result "ought to be rectified by modifying the Rule or reevaluating that aspect of *Jackson*."

Mr. Huggins filed a petition for *certiorari*, which we granted. *Huggins v. State*, 477 Md. 381 (2022).

Mr. Huggins presents us with two questions:

1. Did the Court of Special Appeals err by raising and deciding, on its own initiative, that Petitioner waived his objection to the denial of his motion to suppress where the State did not argue waiver on appeal?

2. If a pretrial motion to suppress is heard and denied and at trial when the evidence is offered by the State defense counsel says "no objection," does counsel's statement constitute a waiver, so that the issue is not preserved for review?

We hold that Mr. Huggins did not waive his right to appeal the suppression ruling, and we therefore vacate the judgment of the Court of Special Appeals and remand this case to that Court for consideration of Mr. Huggins' appeal on the merits. As a result, we do not address his first question.

4

# DISCUSSION

## *The Parties' Contentions*

Embracing the plain language of Maryland Rule 4-252(h)(2)(C),[1] Mr. Huggins argues that the denial of his motion to suppress the evidence was binding at trial and the search and seizure issue was preserved for appeal. He contends that his trial counsel's "no objection" to the State's offer of each item into evidence did not speak to the claim previously adjudicated at the suppression hearing, but instead simply informed the court that Mr. Huggins had no evidentiary objection to the admission of the evidence. Thus, he argues, the Court of Special Appeals erred in finding that "no objection" constituted a waiver of the search and seizure issue.

In response, the State adopts the gist of the Court's analysis. The State does not dispute that Mr. Huggins properly preserved the search and seizure issue under Rule 4-252. Indeed, the State observes that the issue would have remained preserved under Rule 4-252 had defense counsel kept silent as each item was offered and admitted. But because defense counsel instead represented, without prompting by the court, that Mr. Huggins had "no objection," the State maintains that Mr. Huggins affirmatively waived the issue. Claiming that the Court properly applied waiver law, the State contends that defense counsel "had

---

[1] Rule 4-252(h)(2)(C) provides:

> If the court denies a motion to suppress evidence, the ruling is binding at the trial unless the court, on the motion of a defendant and in the exercise of its discretion, grants a supplemental hearing or a hearing de novo and rules otherwise. A pretrial ruling denying the motion to suppress is reviewable on a motion for a new trial or on appeal of a conviction.

not alerted the trial court that she intended to say 'no objection' in front of the jury while nevertheless preserving the suppression hearing claims."

As did the Court of Special Appeals, the State claims support for its position in *Erman v. State*, 49 Md. App. 605 (1981), *Jackson v. State*, 52 Md. App. 327 (1982), and *Brice v. State*, 225 Md. App. 666 (2015). The State also cites to numerous Maryland appellate decisions, including our more recent opinion in *Lopez-Villa v. State*, 478 Md. 1, 19 (2022),[2] in which this Court found that defense counsel's failure to object to the denial of voir dire questions resulted in a waiver of the issue. According to the State, these cases reflect Maryland's settled law on affirmative waiver and support the waiver finding made here by the Court of Special Appeals.

### Standard of Review and Canons of Statutory Interpretation

Rule 4-252 governs motions to exclude evidence obtained by unlawful means, including, as relevant here, unlawful search and seizure. On the other hand, Rule 4-323 applies generally to objections to evidentiary rulings at trial as well as other rulings and orders. As will be seen below, these two Rules seemingly contradict each other in their application to the evidence at issue here. Our task, therefore, is to determine the most sensible application of these Rules in the present context. These are inherently legal issues

---

[2] The State cited to *Lopez-Villa v. State*, 478 Md. 1 (2022); *State v. Stringfellow*, 425 Md. 461 (2012); *Gilchrist v. State*, 340 Md. 606 (1995); *Booth v. State*, 327 Md. 142 (1992); *State v. Magwood,* 290 Md. 615 (1981); *Logan v. State*, 289 Md. 460 (1981); *Canter v. State*, 220 Md. 615 (1959); *Brice v. State*, 225 Md. App. 666 (2015); *Choate v. State*, 214 Md. App. 118 (2013); and *Couser v. State,* 36 Md. App. 485, 497 (1977), *aff'd*, 282 Md. 125 (1978).

that we review without deference. *Williams v. State*, 478 Md. 99, 131 (2022); *Won Bok Lee v. Won Sun Lee*, 466 Md. 601, 619 (2020).

The canons of construction we use to interpret the rules are the same ones that guide our construction of statutes. *Grade v. State*, 431 Md. 85, 102 (2013). Only a few of those canons come into play here. Our goal is to understand and implement the drafter's intent. *See Stoddard v. State*, 395 Md. 653, 661 (2006). We start with the statute's plain language which, if clear and unambiguous, will be enforced as written. *Id.* at 661. We examine the plain language of the text "within the context of the statutory scheme to which it belongs[.]" *Aleman v. State*, 469 Md. 397, 421, *cert. denied*, ___ U.S. ____, 141 S. Ct. 671 (2020). We look to harmonize statutes that apply to the same subject matter. *Harvey v. Marshall*, 389 Md. 243, 271 (2005). And we try to avoid interpretations that defy common sense or are otherwise illogical or unreasonable. *Beyer v. Morgan State Univ.*, 139 Md. App. 609 (2001), 631, *aff'd*, 369 Md. 335 (2002). With these principles guiding our way, we turn now to the task at hand.

### *Maryland Rules 4-252 and 4-323*

Maryland Rule 4-252 governs motions practice in criminal matters.[3] Subsection (a) identifies five issues that "shall be raised by motion in conformity with this Rule and if not

---

[3] This Rule provides, in relevant part:

(a) Mandatory Motions. In the circuit court, the following matters shall be raised by motion in conformity with this Rule and if not so raised are waived unless the court, for good cause shown, orders otherwise:
   (1) A defect in the institution of the prosecution;

(2) A defect in the charging document other than its failure to show jurisdiction in the court or its failure to charge an offense;

(3) An unlawful search, seizure, interception of wire or oral communication, or pretrial identification;

(4) An unlawfully obtained admission, statement, or confession; and

(5) A request for joint or separate trial of defendants or offenses.

(b) Time for Filing Mandatory Motions. A motion under section (a) of this Rule shall be filed within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 4-213(c), except when discovery discloses the basis for a motion, the motion may be filed within five days after the discovery is furnished.

\*\*\*

(e) Content. A motion filed pursuant to this Rule shall be in writing unless the court otherwise directs, shall state the grounds upon which it is made, and shall set forth the relief sought. A motion alleging an illegal source of information as the basis for probable cause must be supported by precise and specific factual averments. Every motion shall contain or be accompanied by a statement of points and citation of authorities.

(f) Response. A response, if made, shall be filed within 15 days after service of the motion and contain or be accompanied by a statement of points and citation of authorities.

(g) Determination.

(1) *Generally*. Motions filed pursuant to this Rule shall be determined before trial and, to the extent practicable, before the day of trial, except that the court may defer until after trial its determination of a motion to dismiss for failure to obtain a speedy trial. If factual issues are involved in determining the motion, the court shall state its findings on the record.

\*\*\*

(h) Effect of Determination of Certain Motions.

\*\*\*

(2) *Suppression of Evidence*.

(A) If the court grants a motion to suppress evidence, the evidence shall not be offered by the State at trial, except that suppressed evidence may be used in accordance with law for impeachment purposes. The court may not reconsider its grant of a motion to suppress evidence unless

8

so raised are waived unless the court, for good cause shown, orders otherwise[.]" These five issues include defects in the proceedings and the lawfulness of the State's method of obtaining evidence from the defendant. *See id.* The lawfulness of a search and seizure is one such issue. Rule 4-252(a)(3).

A defendant claiming an unlawful search and seizure must file a pretrial motion in conformity with this Rule, and as noted above, the failure to do so results in a waiver of the issue. Rule 4-252(a)(3), (g)(1). Unless the court permits otherwise, such motions must be in writing and filed within 30 days after the earlier of either defense counsel's entry of appearance or the defendant's first court appearance under Rule 4-213(c). Rule 4-252(b), (e). The motion must "state the grounds upon which it is made, and shall set forth the relief

---

before trial the State files a motion for reconsideration based on (i) newly discovered evidence that could not have been discovered by due diligence in time to present it to the court before the court's ruling on the motion to suppress evidence, (ii) an error of law made by the court in granting the motion to suppress evidence, or (iii) a change in law. The court may hold a hearing on the motion to reconsider. Hearings held before trial shall, whenever practicable, be held before the judge who granted the motion to suppress. If the court reverses or modifies its grant of a motion to suppress, the judge shall prepare and file or dictate into the record a statement of the reasons for the action taken.

(B) If the State appeals a decision of the trial court granting a motion to suppress evidence in a case in which the defendant is charged with a crime of violence as defined in Code, Criminal Law Article, § 14-101, the court may release the defendant on any terms and conditions that the court considers appropriate or may order the defendant remanded to custody pending the outcome of the appeal.

(C) If the court denies a motion to suppress evidence, the ruling is binding at the trial unless the court, on the motion of a defendant and in the exercise of its discretion, grants a supplemental hearing or a hearing de novo and rules otherwise. A pretrial ruling denying the motion to suppress is reviewable on a motion for a new trial or on appeal of a conviction.

9

sought." Rule 4-252(e). Motions must also be supported with "a statement of points and citation of authorities." *Id.*

It is not surprising, given its potential for legal and factual complexity as well as its potentially outcome-determinative nature, that the search and seizure issue must be raised and decided before trial.[4] Rule 4-252(g)(1). When the motion turns on the resolution of factual issues, the court "shall state its findings on the record." *Id.*

---

[4] That wasn't always the case. Prior to a 1977 change in the predecessor to Rule 4-252, motions claiming unlawful search and seizure were not included among the motions that were required to be filed before trial. *See, e.g.*, Rule 725 b (1975). Effective July 1, 1977, the Rule was amended to include claims of unlawful search and seizure among the list of such mandatory pretrial motions. Rules Order dated January 31, 1977; FIFTY-THIRD REPORT OF THE STANDING COMMITTEE ON RULES OF PRACTICE AND PROCEDURE, 3 Md. Reg. 8, 16.

But the momentum in that direction had been building for about a decade. In *Farrow v. State*, 233 Md. 526, 532-33 (1964), this Court explained why pretrial motions of this sort should be determined before trial:

> We note that in many cases coming before this Court where the lawfulness of an arrest and of a search incidental thereto are at issue, direct evidence to show the basis upon which the arresting officers acted either is not offered at all, or is alluded to guardedly as "information received" or in some other and equally uninformative manner (doubtless designed to avoid an objection that it is hearsay), or is actually excluded as hearsay. On the question of the guilt or innocence of the defendant it clearly is hearsay and hence is inadmissible; but on the issues of probable cause and the lawfulness of arrest and of the admissibility of evidence obtained through any search made in connection with the arrest, such testimony, even if hearsay, is directly relevant and is admissible.
> Therefore, the determination of the admissibility of evidence which is dependent upon the lawfulness of an arrest should be made by the trial judge as a preliminary matter quite apart, of course, from the question of the guilt or innocence of the accused; and if the case is being tried before a jury, such a matter should be heard out of the presence of the jury. Such a question may be raised before trial by a motion to exclude any evidence claimed to have been improperly obtained.

If the court grants the motion to suppress, the State has the right to take an immediate appeal. Rule 4-252(h)(2)(B). On the other hand, a denial of the motion to suppress "is binding at the trial unless the court, on the motion of a defendant and in the exercise of its discretion, grants a supplemental hearing or a hearing de novo and rules otherwise." Rule 4-252(h)(2)(C). The denial is also reviewable "on appeal of a conviction." *Id.*

As the plain meaning of its text confirms, Rule 4-252 applies to issues that do not lend themselves to quick, on-the-spot rulings in the presence of the jury and is instead designed to facilitate fair consideration and orderly resolution of suppression motions before trial. *Sinclair v. State*, 444 Md. 16, 28-29 (2015); *Long*, 343 Md. at 668 (explaining

---

*Id.*

     After *Farrow*, in February 1964, the Court of Appeals Standing Committee on Rules of Practice and Procedure (the "Rules Committee") "determined that the contents of a rule regulating motions to suppress evidence resulting from an illegal search or seizure should be referred to the Subcommittee on Chapter 700." *Long v. State*, 343 Md. 662, 669-70 (1996) (citing Rules Committee Minutes, Feb. 21, 1964 ("1964 Committee Minutes"), at 6). The "committee asked the subcommittee 'whether or not the rule should prohibit reconsideration of a motion on the same grounds by the trial judge after [a] pre-trial ruling by another judge.'" *Id.* at 670 (quoting 1964 Committee Minutes, at 7). Ultimately, in 1965, the Rules Committee proposed adopting Rule 729, which

> [was] designed to spell out the right of a defendant to challenge the use of property alleged to have been obtained through an unlawful search or seizure, and especially to preserve the defendant's right to have an adverse ruling there-on preserved for the Court of Appeals without the necessity of objecting to the introduction of the alleged incompetent evidence at the trial. To do so would, in some cases, result in the admissibility of hearsay evidence, especially in cases where it is claimed by the defendant that he was arrested without probabl[e] cause . . . .

TWENTY-FOURTH REPORT OF THE STANDING COMMITTEE ON RULES, at 2-3, 17-21 (1965). This Court declined to adopt the Rule until 1967, when it was adopted without change. *Long*, 343 Md. at 670.

that Rule 4-252 was drafted "in response to this Court's desire that evidentiary rulings on the suppression of evidence be made before trial[]").

In contrast, objections to the admission of evidence and any other rulings at trial are governed by a different rule, Rule 4-323.[5]  Under this Rule, objections to the admission of

---

[5]  Rule 4-323 provides, in pertinent part:

(a) Objections to Evidence.  An objection to the admission of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection become apparent. Otherwise, the objection is waived. The grounds for the objection need not be stated unless the court, at the request of a party or on its own initiative, so directs. The court shall rule upon the objection promptly. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court may admit the evidence subject to the introduction of additional evidence sufficient to support a finding of the fulfillment of the condition. The objection is waived unless, at some time before final argument in a jury trial or before the entry of judgment in a court trial, the objecting party moves to strike the evidence on the ground that the condition was not fulfilled.
(b) Continuing Objections to Evidence. At the request of a party or on its own initiative, the court may grant a continuing objection to a line of questions by an opposing party. For purposes of review by the trial court or on appeal, the continuing objection is effective only as to questions clearly within its scope.
(c) Objections to Other Rulings or Orders. For purposes of review by the trial court or on appeal of any other ruling or order, it is sufficient that a party, at the time the ruling or order is made or sought, makes known to the court the action that the party desires the court to take or the objection to the action of the court. The grounds for the objection need not be stated unless these rules expressly provide otherwise or the court so directs. If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection at that time does not constitute a waiver of the objection.

***

12

evidence at trial must be made when the evidence is offered for admission.[6] Rule 4-323(a).

Unless the court or the other party requests an explanation, saying "objection" is enough

to preserve the issue for appeal, and the court must make a prompt ruling. *Id.* This Rule

is, therefore, designed for on-the-spot objections and rulings.[7] The failure to timely object

results in a waiver. *Id.*

### *Harmonizing Rules 4-252 and 4-323*

The potential inconsistency in the application of these two Rules to the present case

is readily apparent. Mr. Huggins complied with Rule 4-252 by filing a timely pretrial

motion to suppress evidence recovered from the search and seizure. Under the plain

language of that Rule, therefore, nothing more was required of him to preserve the issue

for appeal—Rule 4-252 had completed its work, and the evidentiary baton was passed to

Rule 4-323. Yet, under Rule 4-323, the failure to object to the admission of that same

---

[6] This requirement is consistent with Rule 5-103(a)(1), which provides: "In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was requested by the court or required by rule[.]"

[7] Of course, not all evidentiary issues are suited for such expeditious handling, which is why experienced trial counsel will move in limine for a ruling on a complicated issue before it comes up at trial. In doing so, the parties' counsel can fully brief or explain their position outside of the presence of the jury and give the court sufficient time to consider the matter in making a ruling, thereby minimizing interruptions during the trial. It is important to note that if the court denies the motion in limine to exclude evidence, the party seeking its exclusion must still object when the evidence is offered for admission at trial. *Reed v. State*, 353 Md. 628, 643 (1999). An objection is required to let the court know that the party still believes the evidence should be excluded, and gives the court the opportunity to make a more informed decision with the benefit of the evidence adduced since the initial ruling. *Id.* This requirement to renew the objection is another way in which the objections contemplated under Rule 4-252(a) differ in kind from those required under Rule 4-323(a).

13

evidence would—based on its plain text—seemingly result in a waiver of any objections. The task, therefore, is to harmonize these Rules if possible.

The simple answer is that the relevant subsections of these two Rules address different and mutually exclusive grounds for objecting: Rule 4-252(a) applies to motions that must be filed and resolved pretrial, including claims of unlawful search and seizure, and Rule 4-323(a) applies to any other grounds for objecting to the admission of such evidence. This explains why the State is correct that defense counsel could have remained silent when the evidence was offered at trial without waiving the right to appeal the search and seizure issue. That is, because objections based on unlawful search and seizure are governed by Rule 4-252(a), and not Rule 4-323(a), the waiver mandated under the latter for failing to object—that is, remaining silent—does not apply. Where the State goes astray, however, is in its contention that Mr. Huggins' counsel's unprompted response of "no objection" produced a different and more drastic consequence than mere silence—namely, waiver of the search and seizure issue.

Waiver means the "knowing and intelligent relinquishment" of a right, which here would be Mr. Huggins' right to appellate review of the unlawful search and seizure issue. *Carbaugh v. State*, 294 Md. 323, 327-28 (1982); *State v. Rich*, 415 Md. 567, 580 (2010). The determination whether a waiver exists depends on the specific context of each case. *Smith v. State*, 375 Md. 365, 380 (2003); *Abeokuto v. State*, 391 Md. 289, 318 (2006).

To put this matter in proper context, there are two foundational principles we should keep in mind. The first is that judges presumably know and properly apply the law. *Christian v. Maternal-Fetal Med. Assocs. of Md., LLC*, 459 Md. 1, 28 (2018).

The second is that the purpose behind Rule 4-323's requirement of timely objections is to "prevent[] unfairness and requir[e] that all issues be raised in and decided by the trial court[.]" *Conyers v. State*, 354 Md. 132, 150 (1999). A trial judge is not a mind reader. If a party wants the court to take a specific action—here, the exclusion of evidence—it needs to make its position known. It makes no sense to say that the trial judge erred in admitting a piece of evidence if the judge wasn't asked to exclude it in the first place. *See Lopez-Villa*, 478 Md. at 13 ("Without a contemporaneous objection or expression of disagreement, the trial court is unable to correct, and the opposing party is unable to respond to, any alleged error in the action of the court.").

The trial court knows that under Rule 4-252, a claim of unlawful search and seizure has either been adjudicated or waived before the case gets to trial. The court would therefore operate under the assumption that defense counsel is likewise aware of this. *State v. Chaney*, 375 Md. 168, 181 (2003) ("Judges, lawyers and laymen alike are all presumed to know the law regardless of conscious knowledge or lack thereof, and are presumed to intend the necessary and legitimate consequences of their actions in its light . . . ." (quoting *Samson v. State*, 27 Md. App. 326, 334 (1975))); *Benik v. Hatcher*, 358 Md. 507, 532 (2000) (discussing how everyone is "presumed to know" pertinent laws regulating their "actions and omissions").

The court also understands that to raise the issue of unlawful search and seizure at trial, defense counsel must do one of two things, depending on whether there had been a prior Rule 4-252 motion to suppress. If no prior motion had been filed, the defendant would have to move for relief from the timing and procedural requirements of Rule 4-

15

252(a), on a showing of "good cause[.]" *See* Rule 4-252(a); *see also Sinclair*, 444 Md. at 29 ("A deviation from [Rule 4-252's] requirements must be justified by 'good cause.'"). But, if a prior Rule 4-252 motion had been filed, the defendant would have to make a motion for a supplemental or de novo hearing under Rule 4-252(h)(2)(C). In either case, the court understands that although the single word "objection" ordinarily suffices to preserve the issue for appeal under Rule 4-323, defense counsel must do more than say "objection" if it wants the court to first consider or revisit the search and seizure issue at trial.[8]

In that context, therefore, defense counsel's "objection" at trial communicates to the judge that the defendant is asking the court to exclude the evidence, not based on a search and seizure issue, but rather on some *other* basis—one for which the single word "objection" ordinarily suffices under Rule 4-323(a) to preserve the issue for appeal. That being the case, the inverse is likewise true: if at the time that evidence is offered at trial defense counsel responds with "no objection," the court would understand that the defendant is merely *not* asking to exclude the evidence on some *other* ground. Put simply, there would be no reason for the court to interpret "no objection" as referring to the waiver of a perfectly viable and fully preserved appellate issue, particularly when there would be no discernible benefit to the defendant in doing so.

---

[8] Under Rule 4-323(a), the objecting party must provide the basis of his objection if requested by the court or the other party. Otherwise, "objection" alone preserves the issue for appeal. *See id.*

16

So too here. Mr. Huggins' pretrial motion to suppress was denied. Mr. Huggins did not move for a supplemental or de novo hearing on the motion to suppress. That issue was taken off the table and preserved well before trial, and the ruling remained binding at trial. So, when considered in the appropriate context, defense counsel's response of "no objection" referred only to the objections then in play—those contemplated by Rule 4-323.[9] Under these circumstances, we see no cogent basis on which to conclude that defense counsel's response of "no objection" was intended by defense counsel or would have been reasonably understood by the court as a voluntary relinquishment of the fully preserved right to judicial review of the search and seizure issue.[10]

---

[9] We can perceive no strategic benefit to waiving the search and seizure issue in this context. The evidence recovered by the police from that search was the State's case—with those items excluded, the State's case would have been substantially, if not entirely, gutted. The State speculates that because the defense's theory was that there was no physical evidence linking Mr. Huggins to the gun, perhaps defense counsel said "no objection" to impress upon the jury that he was not concerned about the gun. But that only undermines the State's position. The issue is whether "no objection" constituted an intentional relinquishment of the right to appeal the search and seizure issue. Defense counsel did not have to waive the search and seizure issue to convey nonchalance to the jury about the gun, but defense counsel *did* have to waive all other objections to do so. So if the State's speculation about defense counsel's motive for saying "no objection" is correct, then it provides yet more context that militates against a waiver.

[10] For similar reasons, it makes no difference whether Mr. Huggins' counsel's response of "no objection" was made voluntarily or was prompted by the court. When evidence is offered for admission, some judges directly ask counsel if there is an objection, which would plainly appear in the transcript, and some judges ask the same question through non-verbal cues, which would not necessarily be reflected in the transcript. And, some trial attorneys, knowing that the court expects to hear from defense counsel if there is or is not an objection, will not wait for the court to ask before stating the defendant's position. So, although the State contends that defense counsel was not prompted by the court, we are not so sure that such a conclusion can be drawn from the transcript, or that it would matter. Far more significant is that because the search and seizure issue had been

17

We are not persuaded otherwise by the cases on which the State relies. The State argues that the Court of Special Appeals correctly applied its two prior cases in finding a waiver here: *Erman v. State*, 49 Md. App. 605 (1981) and *Jackson v. State*, 52 Md. App. 327 (1982). In *Erman*, the defendant moved to suppress his prior statement to investigating detectives, which the court denied. 49 Md. App. at 630. At trial, the defendant's counsel said "no objection" when the State sought to put the statement into evidence. *Id.* On appeal, the defendant argued that the admission of his statement was reversible error. *Id.* at 609. The Court disposed of that argument "for both technical and substantive reasons." *Id*. at 630. The technical reason was that the defendant specifically told the court that he had no objection to the admission of the statement. *Id.* But, as Mr. Huggins points out, the Court in *Erman* did not mention, let alone analyze, the two relevant rules. And the waiver finding in *Erman* was gratuitous because the Court did, in fact, address the merits. *Id.* Thus, the Court's opinion in *Erman* does not move us from our contrary conclusion.

In *Jackson*, the defendant sought to suppress a knife and identification testimony offered by the victim. 52 Md. App. at 330. In finding a waiver of that argument, the Court acknowledged "that whenever a motion is filed seeking to suppress one of the types of evidence specified in Rule [4-252(a)], the lower court's ruling on the motion is, by virtue of Rule [4-252(h)(2)(C)], preserved for appellate review, even if no contemporary objection is made at trial." *Id.* at 331. However, based solely on its ruling in *Erman*, and

resolved pretrial, the only issue on the table was whether Mr. Huggins had any *other* basis to object.

18

without any further elaboration, the Court went on to state that "if a pretrial motion is denied and at trial appellant says he has no objection to the admission of the contested evidence, his statement effects a waiver[.]" *Id.* at 332. Thus, *Jackson* likewise does not inform our analysis.[11]

---

[11] Interestingly, in ruling that Mr. Huggins waived the search and seizure issue, the Court of Special Appeals did not consider its recent decision in *Madrid v. State*, 247 Md. App. 693 (2020), *aff'd*, 474 Md. 273 (2021), in which the Court did *not* find a waiver under similar circumstances to those present here. In *Madrid*, the issue at the suppression hearing was a pretrial statement that the defendant had made to a detective. *Id.* at 706. The State argued that the defendant waived his right to challenge the suppression court's ruling "by stating at trial that the defense was not objecting to the prosecutor's proposed use of the pretrial statement in connection with the direct examination of [the detective]." *Id.* at 713. After considering Rule 4-252(h)(2)(C), the Court of Special Appeals aptly stated:

> The rule clearly provides that the suppression court's denial of the motion "is binding at the trial *unless*" (emphasis added) there is "a supplemental hearing or a hearing de novo" to relitigate the issue. Neither of those contingencies occurred in this case. The defendant did not move for a supplemental hearing or hearing *de novo*, and the court did not exercise its discretion to revisit or alter the denial of the motion to suppress the statement. Those were the cards the defendant was required to play with at trial. No further preservation of the arguments made in the pretrial suppression motion was necessary because Rule 4-252(h)(2)(C) expressly provides: "A pretrial ruling denying the motion to suppress is reviewable ... on appeal of a conviction." The current language of the rule could not be more explicit. The result might be otherwise if the defendant moved first (*i.e.*, before the prosecutor) to offer the evidence at trial; but that did not happen in this case. To the contrary, Madrid successfully objected to the admission of the transcript of the interview. By acquiescing in the suppression court's ruling, and not objecting when the prosecutor proposed to play the recording for the jury and then have Detective Cruz translate the Spanish statements, Madrid did not waive the right to seek appellate review of the pretrial ruling pursuant to Rule 4-252(h)(2)(C).

*Id.* at 713-14. This Court granted *certiorari*, and in affirming denied the State's request that we refrain from addressing the merits of the suppression issue on the basis of lack of preservation. *See Madrid*, 474 Md. at 322 ("In this case, we decline the State's invitation

The State further relies on this Court's opinion in *Martelly v. State*, 230 Md. 341, 343-48 (1963), in which we found that appellate review of the pretrial denial of the motion to suppress was subsequently waived at trial when defense counsel stated "no objection" when the evidence was offered for admission. *Martelly* however, was decided in 1963, when the predecessor of Rule 4-252 neither required claims of unlawful search or seizure to be made pretrial nor provided that a pretrial denial of such a motion was binding at trial and preserved for appeal. *Compare* Md. Rule 4-252 *with* Rule 729(c) (1975), Rule 729(f) (1975), *and* Rules Order dated January 31, 1977, 4 Md. Reg. 235 (1977). So, in *Martelly*, the search and seizure issue had not been taken off the table prior to trial to the same extent that it was here. Because *Martelly* was decided in the context of a Rule that was materially different from the Rule applicable here, the State's reliance on *Martelly* is misplaced.

The State further contends that the Court of Special Appeals's waiver finding resulted from a straightforward application of Maryland law on affirmative waiver. The State points to cases in which waiver was found based on trial counsel's representation that there was no objection or disagreement with the court's action or ruling.[12] However, none

---

to refuse to consider certain of Madrid's contentions on the ground of lack of preservation for appellate review.").

[12] Specifically, the State cites: *Lopez-Villa v. State*, 478 Md. 1, 4, 8 (2022) (finding that the petitioner failed to preserve his objection to the court's failure to ask voir dire questions when he responded when the court asked after voir dire whether he missed any questions defense counsel "previously objected to, which I will preserve for the record."); *State v. Stringfellow*, 425 Md. 461, 471 (2012) (finding that the defendant's objection to a voir dire question "went to the inclusion of prospective jurors on the jury selected ultimately[,]" and therefore, he waived his objection when he accepted the jury panel without qualification); *Gilchrist v. State*, 340 Md. 606, 618 (1995) (finding that a

20

of those cases involved a comparable situation to the one we have here, where, under the applicable rule, an objection was preserved pretrial and considered binding at trial, and then was found to have been waived through some affirmative statement by counsel. Rather, the State's supporting cases generally involve failures to preserve the issue in the first instance. These cases, therefore, do not provide meaningful guidance to us here.

We are not foreclosing the possibility that, having fully preserved the issue under Rule 4-252, words or actions taken by defense counsel could potentially result in a waiver of the previously preserved search and seizure issue. But this is not such a case. Here, defense counsel timely moved to suppress the evidence upon the filing of the first indictment and did so again on the filing of the superseding indictment. At the hearing on the latter, defense counsel emphasized Mr. Huggins' intention to fully preserve the issue

---

defendant's acceptance of second jury pool had no bearing on prior objections to first jury pool, but stating that objecting to the inclusion of someone in the jury pool is waived when thereafter the jury pool is accepted without qualification); *Booth v. State*, 327 Md. 142, 180 (1992) (finding that defense counsel waived any objection to the court's instruction on allocution when he advised "the court that [he had] no objection"); *State v. Magwood*, 290 Md. 615, 628 (1981) (finding that the defendant's consent to a jury's separation following the submission of a case amounted to a waiver of his right to a sequestered jury); *Logan v. State*, 289 Md. 460, 487 (1981) (finding that the defendant forfeited his right to object to his counsel's waiving his right to allocution by failing to raise the issue at trial); *Canter v. State*, 220 Md. 615, 617 (1959) (finding that the defendant waived any challenge to a trial judge's charge of the jury by defense counsel stating "that he was satisfied with the charge as given"); *Brice v. State*, 225 Md. App. 666, 679 (2015) (finding that, although the court found that the defendant had waived his right to have certain voir dire questions asked, the trial court abused its discretion in not permitting him to retract his waiver); *Choate v. State*, 214 Md. App. 118, 129-30 (2013) (finding that the defendant's subsequent agreement to a jury instruction waived his prior objection); *Couser v. State*, 36 Md. App. 485, 497 (1977), *aff'd*, 282 Md. 125 (1978). *But see Couser v. State*, 282 Md. at 130 (finding that the defendant did not waive his objection to the trial court's denial of his right to view the State's jury dossier when he accepted the jury panel).

21

when the court proposed incorporating the transcript and all exhibits from the initial case into this case. And the court took pains to explain directly to Mr. Huggins that the issue was fully preserved and that if he so chose, he would be able to obtain appellate review of the court's denial of his motion to suppress. Under these circumstances, Mr. Huggins was entitled to the full benefit of the preservation provided under Rule 4-252.

## CONCLUSION

Applying the plain language of Rule 4-252 and Rule 4-323 to the facts and circumstances presented here, we hold that defense counsel did not waive Mr. Huggins' right to appellate review of the circuit court's denial of his motion to suppress when she said "no objection" to the State's request for admission of the subject evidence at trial. To the extent that the holdings in *Erman* and *Jackson*, concerning preservation for appellate review of a motion under Rule 4-252 are contrary to our holding here, the holdings in those cases are overruled.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS IS VACATED, CASE REMANDED TO THAT COURT FOR CONSIDERATION OF MR. HUGGINS' APPEAL ON THE MERITS. COSTS TO BE PAID BY RESPONDENT.**

22

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/coa/59a21cn.pdf